IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO.  08-437 |
| KEON A. SMITH | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

On July 29, 2009, an indictment was filed charging defendant Keon A. Smith with one count of possession of 5 grams or more of cocaine base ("crack") with intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) (Count 1), one count of possession of firearms in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c) (Count 2), and one count of possession of firearms by a convicted felon, in violation of Title 18, United States Code, Sections 924(g)(1) & 924(e) (Count 3).

The charges arose from the defendant's possession of approximately 18 grams of cocaine base ("crack") with intent to distribute and two firearms on or about March 24, 2008, in Philadelphia in the Eastern District of Pennsylvania.  Smith faces a total statutory mandatory minimum sentence of 240 months and a guideline range of 262-327 months with a consecutive mandatory minimum of 5 years from Count Two making the effective range 322 to 387 months.

I.      BACKGROUND

On July 24, 2009, the defendant pleaded guilty to one count of possession of 5 grams or more of cocaine base ("crack") with intent to distribute, in violation of Title 21, United

States Code, Section 841(a)(1) (Count 1), one count of possession of firearms in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c) (Count 2), and one count of possession of a firearms by a convicted felon, in violation of Title 18, United States Code, Sections 924(g)(1) & 924(e) (Count 3).

II.     SENTENCING CALCULATION.

    A.     Statutory Maximum Sentence.

Smith faces a ten year mandatory minimum sentence for the more than 5 grams of crack cocaine for the Section 841(a)(1) count, as he has a prior drug conviction. He faces a mandatory minimum five years for the Section 924(c) count, to be imposed consecutively to any fifteen year mandatory minimum under Section 924(e) because he is an armed career criminal making the total mandatory minimum 20 years. Smith's statutory maximum is life imprisonment under Sections 841 and 924(e). Smith faces a mandatory minimum term of 8 years supervised release and up to a lifetime of supervised release, $4,500,000 fine and a $300 special assessment. Forfeiture of the firearms also may be ordered pursuant to 18 U.S.C. Section 924(d).

    B.     Sentencing Guidelines Calculation.

The Probation Office correctly calculated the defendant's advisory guideline range as follows:

Base offense level pursuant to USSG 2K2.1 is 24.

Base offense level increased by 4 levels because of the obliterated serial number pursuant to USSG 2K2.1(b)(4)(B).

Base offense level increased to 37 pursuant to the career offender enhancements of Chapter Four pursuant to 4B1.4.

Base offense level reduced by 3 levels because of acceptance of responsibility pursuant to USSG 3E1.1.

Total offense level is 34 with a criminal history category of VI making the guideline range for imprisonment 262-327 months. The term of imprisonment of five years imposed on Count Two runs consecutively to any other term of imprisonment imposed making the guideline range 322 to 387 months.

III.    ANALYSIS.

A thorough consideration of all of the sentencing factors set forth in 18 U.S.C. § 3553(a) suggests that this Court should accept the calculation of the advisory guidelines as set forth in the Presentence Investigation Report, review all other factors, including the mandatory minimum sentence, and impose an appropriate sentence.

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 128 S. Ct. 586, 596 (2007). Thus, the Sentencing Guidelines remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.

This Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or

vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).[1]

Consideration of the 3553(a) Factors.

The defendant engaged in a serious offense of possession of cocaine base ("crack") with intent to distribute, albeit as a street level dealer, and also possessed two firearms in furtherance of this drug trafficking crime. This Court should examine the 3553(a) factors, including the nature of the defendant's offense, the history and characteristics of the defendant, and the need for rehabilitation in determining an appropriate sentence in this case.

The Court Should Deny the Defense Motion for a Departure or Variance.

The defense has made no objection to the guideline calculation in the PSR. The defense does, however, request a downward departure or variance from the guideline range, contending that his criminal history category of VI over-represents the seriousness of his criminal record. Such departures are governed by U.S.S.G. § 4A1.3(b) (Policy Statement) which provides:

---

[1] Further, the "parsimony provision" of Section 3553(a) states that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." The Third Circuit has held that "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2). . . . '[W]e do not think that the "not greater than necessary" language requires as a general matter that a judge, having explained why a sentence has been chosen, also explain why some lighter sentence is inadequate.'" United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (quoting United States v. Navedo-Concepcion, 450 F.3d 54, 58 (1st Cir. 2006)).

If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

These cases will be rare, for "[t]his policy statement authorizes the consideration of a departure from the guidelines in limited circumstances where reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism . . ." U.S.S.G. § 4A1.3, comment. (backg'd.). As the Third Circuit has noted, §4A1.3 departures are "reserved for the truly unusual case." United States v. Shoupe, 988 F.2d 440, 445-47 (3d Cir. 1993).

The sentencing court has discretion under §4A1.3 to depart downward in appropriate cases. Cf. United States v. Shoupe, 35 F.3d 835, 837-38 (3d Cir. 1994)(Shoupe III); United States v. Shoupe, 988 F.2d at 445-47. A sentencing court's decision not to depart from the applicable Guidelines sentence is, however, not appealable. United States v. Fiorelli, 133 F.3d 218, 220 (3d Cir. 1998); United States v. Evans, 40 F.32d 109, 111 (3d Cir. 1995); United States v. Denardi, 892 F.2d 269, 272 (3d Cir. 1989).

Smith is in criminal history category VI by straightforward application of U.S.S.G. §4B1.1. and, equally straightforwardly, would be in category VI were he not a career offender and his criminal history category calculated under §4A1.1. In addition to the predicate felony drug convictions that quality him as a career offender, he was on parole when he committed the instant offense. Smith has "earned" the 16 criminal history points correctly assigned him in the PSR's criminal history calculation, and these criminal history points place him in category VI. Smith's career offender status, therefore, does not "enhance" his criminal

history category and the cases he relies on for his departure/variance argument are inapposite. It is difficult, therefore, to see how Smith's criminal history category could be deemed to misrepresent or exaggerate his criminal history, much less to place him outside the heartland for similarly situated defendants.

Smith belongs in category VI because of the seriousness of his criminal history and the likelihood he will commit other offenses. As the commentary to § 4A1.3 notes, ". . . younger defendants [such as Smith] . . . may actually pose a greater risk of serious recidivism that older defendants." This risk that Smith poses is clear: he committed the instant drug and firearms offenses cynically for financial gain. A departure from Smith's criminal history category is unwarranted. The Court should recognize its discretion to depart in appropriate cases but should deny Smith's motion for a downward departure.

While the government acknowledges the Court's discretion to grant a variance below the guideline range and recognizes that the guideline range may not exhaust the range of reasonable sentences (either below or above the guideline range), the government urges the court to sentence the defendant to a sentence of substantial incarceration.

IV.    CONCLUSION

        Therefore, in sum, all of the appropriate considerations of sentencing favor the acceptance by this Court of the Probation Officer's advisory guideline calculation, and the imposition of an appropriate sentence, taking into account all submissions by the parties.

        Respectfully submitted,

        MICHAEL L. LEVY
        United States Attorney


        S/Jessica Natali
        JESSICA NATALI
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum Filed Under Seal has been served by email upon:

      Giovanni Campbell
      Campbell.giovanni@gmail.com


      s/Jessica Natali
      JESSICA NATALI
      Assistant United States Attorney


DATED: March 22, 2010.